IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 08-cr-30259-JPG-7 |
| CHRISTOPHER BENSON, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Christopher Benson's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 29). The Government has responded to the motion (Doc. 33), and Benson has replied to that response (Doc. 34).

The defendant pled guilty to one count of possession of contraband by a federal inmate. At sentencing, the Court adopted the presentence investigation report's base offense level finding of 13, *see* PSR ¶ 18. However, the Court found the defendant was a career offender, so under U.S.S.G. § 4B1.1[1] his offense level was 17. That offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a total offense level of 14.

The defendant had accumulated 12 criminal history points, 9 of which were for prior convictions, 2 of which were because he was under a criminal sentence when he committed the offense of conviction ("status points"), and 1 of which was because he committed his crime

---

[1] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2008 version.

while incarcerated for a different case.  *See* PSR ¶ 38.  His criminal history point total of 12 would have placed him in criminal history category V, but career offender status established his criminal history category as VI.  *See* PSR ¶ 40.  This yielded a guideline sentencing range of 37 to 46 months in prison.  The Court imposed a sentence of 37 months to run consecutively to the sentence he was serving at the time.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.  Specifically, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.  For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[1]  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term

---

[1] Part B of Amendment 821 concerns defendants with no criminal history points.  This does not apply to the defendant because he was assessed criminal history points.

2

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). It is true that Part A of Amendment 821 *may have* reduced the defendant's criminal history points under U.S.S.G. § 4A1.1[2], but he still falls within criminal history VI because of his career offender status. *See* U.S.S.G. § 4B1.1(b). Thus, Amendment 821 did not result in a lower criminal history category, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **DENIES** Benson's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 29).

**IT IS SO ORDERED.**
**DATED:   April 7, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**

---

[2] Benson received 1 instead of 2 points under U.S.S.G. § 4A1.1(e) because he had received 2 status points under U.S.S.G. § 4A1.1(d). If Amendment 821 reduced his status points under U.S.S.G. § 4A1.1(d) from 2 to 1, he would have received the full 2 points under U.S.S.G. § 4A1.1(e) for committing his crime while serving a sentence of imprisonment. His criminal history point total would not have changed.